IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VINCENT BLINCOE,                                    CV. 06-998-PK
                          Plaintiff,


                                                    OPINION AND
                                                    ORDER
v.



WESTERN STATES CHIROPRACTIC
COLLEGE,
                          Defendant.
_____

PAPAK, Magistrate Judge:

    Before the court is plaintiff Vincent Blincoe's ("Blincoe") Motion for Leave to File an

Amended Complaint/Petition [#9].  Plaintiff's Motion to Strike Defendant's Opposition to

Plaintiff's Motion for Leave to File Amended Complaint [#16] and defendant Western States

Chiropractic College's ("WSSC") Motion to Strike Plaintiff's Exhibit to Motion for Leave to File

Amended Complaint/Petition [#27] were denied at oral argument on February 21, 2007 [#28].

Also pending are defendant's unopposed Motion to Enlarge Time [#20] and defendant's Motion

Page 1 - OPINION AND ORDER

to Strike Plaintiff's Supplemental Brief [#30].

This court has jurisdiction pursuant to 28 U.S.C. § 1331.  For the reasons set forth below, Blincoe's motion to amend is granted in part and denied in part, WSCC's motion to enlarge time is granted, and WSCC's motion to strike is denied.

BACKGROUND

Blincoe attended WSCC from 1999 until August 2002, when WSCC terminated Blincoe's course of study after he failed an exam.  To qualify for graduation, WSCC students need 397.5 credit hours and must pass all exams.  Blincoe enrolled in the Bone Pathology IV ("BPIV") course in Fall 2001, missed the final exam due to a family emergency, and received an incomplete grade.  Blincoe attended the BPIV class sessions in Winter 2002.  He did not take the final exam at the conclusion of the Winter 2002 term.  Blincoe enrolled in BPIV again in Spring 2002.  At some point after the conclusion of the Spring 2002 term, Blincoe took the required final exam for BPIV in the library lab.  The instructor, Dr. Beverly Harger ("Harger"), proctored the exam.

Subsequently, Blincoe received a phone call informing him that he had failed the exam. Blincoe claims Harger agreed to allow him to retake the exam, and that upon retaking it, he received a passing grade.  Blincoe  claims that Harger promised to change his BPIV final grade to indicate that he received a passing grade but failed to do so.  WSCC denies all but that Blincoe was dismissed from enrollment after failing the BPIV final exam.

Blincoe communicated with WSCC regarding his dismissal, including communications through numerous attorneys, and a complaint filed in the Little Shell Pembina Band of North

America Tribal Court.[1]  In 2006, Blincoe brought this breach of contract action against WSCC, and WSCC removed to federal court on July 14, 2006, on diversity grounds.

On November 7, 2006, Blincoe deposed Harger, and on November 30, 2006, he filed his motion for leave to amend the complaint.  Blincoe claims that newly discovered evidence from the deposition of Harger provides further support for his breach of contract claim, and also supports new causes of action for fraud, intentional destruction of evidence, and negligent infliction of emotional distress.

LEGAL STANDARD

Blincoe moved for leave to file an amended complaint under Federal Rule of Civil Procedure 15.[2]  Once the defending party files its response to the initial complaint, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  While not automatically granted, this rule is to be interpreted with "extreme liberality."  Jackson v. Bank of Haw., 902 F.2d 1385, 1387 (9th Cir. 1990) (citation omitted).  Granting a motion to amend the pleadings falls to the court's discretion,  Sweaney v. Ada County, 119 F.3d 1385, 1392 (9th Cir. 1997), and federal policy favors determination of cases on their merits.  Howey v. U.S., 481 F.2d 1187, 1190 (9th Cir. 1973).

---

[1]WSCC received declaratory and injunctive relief from that suit on June 23, 2005, in the U.S. District Court of Oregon.

[2]Both parties agree that Federal Rule of Civil Procedure 15 applies.  Neither party addresses the issue of whether Federal Rule of Civil Procedure 16 applies, as this request to amend comes after the court's scheduling order.  The standard for Federal Rule of Civil Procedure 16 requires good cause, and shifts the focus of the inquiry to the diligence of the party seeking modification.  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-610 (9th Cir. 1992).

In determining whether to grant a motion to amend the complaint, the court considers whether the amendment would be unduly prejudicial to the opposing party, whether the motion is made in bad faith, or whether the proposed amendment would be futile. Bowles v. Reade, 198 F.3d 752, 757 (9th Cir. 1999). A proposed amendment would be futile if no set of facts can be proved under the amendment which would constitute a valid claim or defense. Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (citation omitted).

ANALYSIS

I.    Motion to File an Amended Complaint

A.    Fraud

Blincoe moves to bring additional claims, including a new claim of fraud. In cases of fraud, leave to amend should not be granted if the amendment would be futile. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1104 (9th Cir. 2003). WSSC claims that Blincoe has failed to allege all the elements of a fraud claim and that, in any event, such a claim would be futile because it is barred by the applicable statute of limitations.

In order to prove fraud, a plaintiff must establish: (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) intent that it should be acted on and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) the hearer's reliance on its truth, (8) the hearer's right to rely thereon, and (9) consequent and proximate injury. Webb v. Clark, 274 Or. 387, 391 (1976). Pleading need not be perfect, so "long as the points in dispute are sufficiently revealed so that the opponent is on notice of what he must meet and the court has sufficient information to rule upon the questions which arise during trial." Taylor v. Nielsen, 31 Or. App. 663, 667 (Or. Ct. App. 1977). Here,

while not a model of clarity, plaintiff's pleading is sufficient to set forth a claim of fraud.

The applicable statute of limitations for claims of fraud is two years under ORS 12.110(1).  The statute further provides that "in an action at law based on fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit." Id. Under that provision, the statute of limitations begins to run when a potential plaintiff knows or should have known a claim exists; knowledge of specific facts necessary to establish the claim is not necessary.  Towne v. Robbins, 339 F. Supp. 2d 1105, 1114 (D. Or. 2004).

WSCC discharged Blincoe in 2002.  Blincoe had notice of his failing and unchanged grade by the end of that year.  Blincoe connects his claim of fraud to newly discovered evidence from Harger's November 2006 deposition.  WSCC argues that the new evidence was neither new nor relevant.  A complaint filed after the statutory limitation must show "negative lack of diligence in the discovery of the fraud and in that regard must specifically and precisely plead the facts showing that the statute of limitations does not apply." Heise v. Pilot Rock Lumber Co., 222 Or. 78, 92 (1960) (citation omitted).  Again, "perfection in pleading is not required." Taylor v. Nielsen, 31 Or. App. 663, 667 (Or. Ct. App. 1977).  While Blincoe knew about his failing exam grade and Harger's failure to revise that grade in 2002, he did not know that Harger did not retain the original exam and disbanded the films used for the exam until the 2006 deposition. And it is that newly discovered information that Blincoe argues supports a claim for fraud. WSCC claims that any misrepresentation to support a fraud claim took place in 2002 and was known to Blincoe.

Based on the record before me,[3] and considering the standards applicable to a motion to amend the complaint, I cannot conclude at this stage of the proceedings that Blincoe is incapable of proving a set of facts that would extend the applicable statute of limitations based on evidence discovered at the November deposition of Harger.  Blincoe's motion to amend to include a fraud claim is granted.

B.    Negligent Infliction of Emotional Distress

Blincoe moves to add a claim of negligent infliction of emotional distress to his complaint, based on WSCC's failure to change Blincoe's final BPIV grade and/or re-admit him at WSCC.  Recovery for negligent infliction of emotional distress requires the defendant's conduct to have "infringed on some legally protected interest apart from causing the claimed distress." Hammond v. Central Lane Communications Ctr., 317 Or. 17, 23 (1991).  Oregon sets a mandatory two-year statute of limitations on actions for an injury to a person.  ORS 12.110(1). Actions for torts may be considered continuous for the purposes of tolling the statute of limitations when the incidents as a whole can be reasonably construed as elements of a systematic pattern of conduct.  Griffin v. Tri-County Metro. Transp., 112 Or. App. 575, 581-82 (Or. Ct. App. 1992).

Blincoe bases his proposed negligent infliction of emotional distress claim on WSCC's failure to change Blincoe's final BPIV grade and/or re-admit him at WSCC.  Blincoe concedes that Oregon's statute of limitations for actions on torts has expired, but contends that he suffers from a continuing tort based on WSCC's response to each request to reconsider or review his

---

[3]The court notes that WSCC submitted documents in support of its opposition to plaintiff's motion that would more appropriately be considered in a motion for summary judgment.

dismissal.  WSCC does not directly address the theory of continuous tort, but argues that WSCC's repeated denials of Blincoe's requests for readmission cannot restart or extend the statute of limitations' timeline.

As alleged, Blincoe fails to plead a continuing tort.  Dismissed from WSCC in 2002, any actionable harm to Blincoe occurred at that time. Repeated denial of readmission by WSCC falls short of creating a systematic pattern of conduct leading to any current actionable harm. Because Blincoe cannot show he suffers from a continuing tort, allowing this amendment would be futile, because it is barred by the two-year statute of limitations. Blincoe's motion to add a claim for negligent infliction of emotional distress is denied.

C.      Intentional Destruction of Evidence

Blincoe seeks to add a claim of intentional destruction of evidence, on a theory that spoliation of evidence creates an independent tort.  Tort liability under this theory arises when a party to litigation or a third person intentionally destroys, mutilates, or alters evidence and thereby interferes with prospective or actual civil action by the party asserting the tort claim. While spoliation as an independent tort has not been recognized in Oregon, neither has the theory been expressly rejected.  Both Indiana and Ohio recognize intentional interference with civil litigation and/or spoliation of evidence as separate torts under law.  See RSC Quality Measurement Co. v. IPSOS-ASI, Inc., 196 F. Supp. 2d 609, 615-616 (S.D. Ohio 2002), citing Levinson v. Citizens Nat'l Bank of Evansville, 644 N.E. 2d 1264, 1268 (Ind. Ct. App. 1994), and Smith v. Howard Johnson Co., Inc., 615 N.E. 2d 1037, 1038 (1994).  However, "a majority of jurisdictions [have] rejected a separate cause of action for intentional spoliation of evidence" and instead rely on traditional remedies.  Torres v. El Paso Electric Co., 987 P.2d 386, 402 (N.M.

Page 7 - OPINION AND ORDER

1999) (recognizing the tort of intentional spoliation of evidence in New Mexico with limitations but collecting cases from other jurisdictions that do not recognize the independent tort).

WSCC refutes the existence of intentional destruction of evidence as a tort in Oregon. This claim should be addressed after the issue is fully briefed with supporting evidence on either a motion to dismiss or a motion for summary judgment. Applying the liberal standard required by Rule 15, Blincoe should have the opportunity to present the substance of his intentional destruction of evidence claim more fully to the court.  Blincoe's motion for leave of the court to add a claim for intentional destruction of evidence to his complaint is granted.

D.      Motion to Amend - General Allegations and Breach of Contract Claim

Blincoe moves for leave to amend his complaint to include changes to the general allegations and the current breach of contract claim.  WSCC argues that permission to amend would result in potential prejudice to their defense, citing the ongoing nature of Blincoe's allegations and various court actions, including the numerous attorneys and communications between Blincoe and WSCC on this matter.[4]  Prejudice may be found when the advancement of new legal theories would require burdensome discovery and unnecessary delay in judgment. Amerisourcebergen Corp. v. Dialysist West, Inc., 445 F.3d 1132, 1137 (9th Cir. 2006) (citation omitted).  Mere passage of time fails to show prejudice; an affirmative showing of either prejudice or bad faith is required.  Richardson v. U.S., 841 F.2d 993, 999 (9th Cir. 1988) (citation omitted).  Without an affirmative showing of prejudice or bad faith, the court will

---

[4]  WSCC's Declaration includes a history of letters from Blincoe's numerous attorneys (October 24, 2002; January 8, 2004; May 10, 2004; August 25, 2004; December 22, 2004; June 29, 2005), as well as the complaint filed in the Little Shell Pembina Band of North America Tribal Circuit Court.

Page 8 - OPINION AND ORDER

permit the amendment.  WSCC references paragraph seven of Blincoe's proposed amended complaint as irrelevant to the plaintiff and prejudicial to the defense.  WSCC also suggests Blincoe had access to the claimed new evidence prior to Harger's November 2006 deposition. As pled, these issues fall short of an affirmative showing of prejudice or bad faith required to overcome the liberal standard in favor of granting a motion to amend.  Blincoe may amend the general allegations and breach of contract claims.

For the reasons set forth above, Blincoe's motion for leave to amend his complaint [#9] is granted in part and denied in part.

II.    Motions to Strike

WSCC argues that Blincoe missed the five day deadline given by the court to submit his supplemental brief, and requests that the court strike his brief.  Blincoe's supplemental brief was filed one day after the court directed the brief to be submitted.  However, because the court did not rely on plaintiff's supplemental brief in ruling on his motion to amend the complaint, WSCC's motion to strike [#30] is denied.

III.    Motion to Enlarge Time

WSCC filed an unopposed motion to enlarge time [#20].  That motion is granted.  The discovery deadline is extended to May 25, 2007.  The dispositive motions deadline is extended to June 24, 2007.  The pretrial order is extended to July 28, 2007.  The Alternative Dispute Resolution report is extended to May 25, 2007.

///

///

///

Page 9 - OPINION AND ORDER

CONCLUSION

For the reasons set forth above, Blincoe's motion for leave to amend his complaint [#9] is granted in part and denied in part.  Blincoe will promptly file his amended complaint with the court.  Defendant's motion to strike [#30] is denied.  Defendant's motion to enlarge time [#20] is granted with new deadlines as set forth above.

Dated this 23rd day of March, 2007.

    /s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge